IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SCOTT PETERS, #M52851,
BARRY MORRIS, #N42509, and
JOHN DOES,

        Plaintiffs,

  vs.                         Case No. 17-cv-0852-DRH

JOHN BALDWIN,
ILLINOIS DEPARTMENT OF
CORRECTIONS,
CHRIS BRADLEY,
JAQUELINE LASHBROOK,
FRANK LAWRENCE,
HOLLY HAWKINS,
GAIL WALLS,
CINDY MEYER, and
R. ROWOLD,

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    This matter is before the Court for case management. The Complaint (Doc. 1) was filed by Scott Peters and Barry Morris, two individuals who are in custody at Menard Correctional Center ("Menard"). Together, they filed a Complaint that sets forth claims against nine defendants. They claim that they are deprived of certain programs, activities, and opportunities that inmates who are not disabled "ADA inmates" have available to them, in violation of the Americans with Disabilities Act and the Eighth and Fourteenth Amendments to the United States

1

Constitution. (Doc. 1). Both plaintiffs specifically named in the case caption[1] signed the Complaint. (Doc. 1, p. 10). Both of these plaintiffs also filed a Motion to Proceed *In Forma Pauperis* ("IFP") (Docs. 2, 4). Under the circumstances, the Court deems it necessary to address several preliminary matters before completing a review of this case pursuant to 28 U.S.C. § 1915A.

## Group Litigation by Multiple Prisoners

Plaintiffs may bring their claims jointly in a single lawsuit if they so desire. However, the Court must admonish them as to the consequences of proceeding in this manner including their filing fee obligations, and give them the opportunity to withdraw from the case or sever their claims into individual actions.

In *Boriboune v. Berge*, 391 F.3d 852 (7th Cir. 2004), the Seventh Circuit addressed the difficulties in administering group prisoner complaints. District courts are required to accept joint complaints filed by multiple prisoners *if* the criteria of permissive joinder under Federal Rule of Civil Procedure 20 are satisfied. Rule 20 permits plaintiffs to join together in one lawsuit if they assert claims "arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to these persons will arise in the action." Nonetheless, a district court may turn to other civil rules to manage a multi-plaintiff case. If appropriate, claims may be severed pursuant to Rule 20(b), pretrial orders may be issued providing for a logical sequence of decisions pursuant to Rule 16, parties improperly joined may be dropped

---

[1] "John Does" are also included in the list of plaintiffs in the Complaint, but because these plaintiffs are unspecified, have not signed the Complaint, and appear to be included as putative class members, the Clerk will be directed to terminate them from this action.

pursuant to Rule 21, and separate trials may be ordered pursuant to Rule 42(b). *Boriboune*, 391 F.3d at 854.

In reconciling the Prisoner Litigation Reform Act with Rule 20, the Seventh Circuit determined that joint litigation does not relieve any prisoner of the duties imposed upon him under the Act, including the duty to pay the full amount of the filing fees, either in installments or in full if the circumstances require it. *Id.* In other words, each prisoner in a joint action is required to pay a full civil filing fee, just as if he had filed the suit individually.

The Circuit noted that there are at least two other reasons a prisoner may wish to avoid group litigation. First, group litigation creates countervailing costs. Each submission to the Court must be served on every other plaintiff and the opposing parties pursuant to Federal Rule of Civil Procedure 5. This means that if there are two plaintiffs, the plaintiffs' postage and copying costs of filing motions, briefs or other papers in the case will be two times greater than if there was a single plaintiff.

Second, a prisoner litigating on his own behalf takes the risk that "one or more of his claims may be deemed sanctionable under Federal Rule of Civil Procedure 11." *Boriboune*, 391 F.3d at 854-55. According to the Seventh Circuit, a prisoner litigating jointly assumes those risks for all of the claims in the group complaint, whether or not they concern him personally. Furthermore, if the Court finds that the Complaint contains unrelated claims against unrelated defendants, those unrelated claims may be severed into one or more new cases. If

that severance of claims occurs, the plaintiffs will be liable for another full filing fee for each new case. Plaintiffs may wish to take into account this ruling in determining whether to assume the risks of group litigation in the federal courts of the Seventh Circuit.

Because not every prisoner is likely to be aware of the potential negative consequences of joining group litigation in federal courts, the Seventh Circuit suggested in *Boriboune* that district courts alert prisoners to the individual payment requirement, as well as the other risks prisoner *pro se* litigants face in joint *pro se* litigation, and "give them an opportunity to drop out." *Id.* at 856. Therefore, in keeping with this suggestion, the Court offers Plaintiff Barry Morris, since the Court designates Scott Peters as the "lead" plaintiff[2] in this case, an opportunity to withdraw from this litigation before the case progresses further. Plaintiff Barry Morris may wish to take into consideration the following points in making his decision:

- He will be held legally responsible for knowing precisely what is being filed in the case on his behalf.

- He will be subject to sanctions under Federal Rule of Civil Procedure 11 if such sanctions are found warranted in any aspect of the case.

- He will incur a strike if the action is dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted.

- In screening the Complaint, the Court will consider whether unrelated claims should be severed and, if it decides severance is appropriate, he will be required to

---

[2] This designation arises from the fact that Scott Peters was the first plaintiff to sign the Complaint (Doc. 1) and the first plaintiff listed in the case caption.

4

> prosecute his claims in a separate action and pay a separate filing fee for each new action.

- Whether the action is dismissed, severed, or allowed to proceed as a group complaint, he will be required to pay a full filing fee, either in installments or in full, depending on whether he qualifies for indigent status under §§ 1915(b) or (g).[3]

In addition, if the plaintiffs desire to continue this litigation as a group, any proposed amended complaint, motion, or other document filed on behalf of both plaintiffs must be signed by both of the plaintiffs. As long as the plaintiffs appear without counsel in this action, both plaintiffs must sign documents for himself. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11.[4] A non-attorney cannot file or sign papers for another litigant. Plaintiffs are **WARNED** that future group motions or pleadings that do not comply with this requirement shall be stricken pursuant to Rule 11(a).

### Pending Motion

Plaintiff Peters has filed a Motion for Leave to Proceed IFP (Doc. 2), which will be addressed in a separate order of this Court.

Plaintiff Peters has filed a Motion for Recruitment of Counsel (Doc. 3) on behalf of himself and Plaintiff Morris. This Motion (Doc. 3) is hereby **STRICKEN**,

---

[3] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee and must pay a total fee of $350.00.

[4] Rule 11 states, in pertinent part: "Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented." FED. R. CIV. P. 11(a). Moreover, a prisoner bringing a *pro se* action cannot represent a class of plaintiffs. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (holding it would be plain error to permit imprisoned *pro se* litigant to represent his fellow inmates in a class action).

as Plaintiff Peters is the only individual to have signed the Motion (Doc. 3), and as noted herein, such group filings must be stricken because each plaintiff must sign documents for himself and a non-attorney cannot file or sign papers for another litigant. *See Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 831 (7th Cir. 1986); FED. R. CIV. P. 11. If he so chooses, Plaintiff Peters may file a separate motion, on behalf of himself only, to seek what he desires. He may also file the same motion provided both he and Plaintiff Morris have signed it.

Plaintiff Barry Morris has filed a Motion for Leave to Proceed IFP (Doc. 4), which will be addressed in a separate order of this Court.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff Morris shall advise the Court in writing September 25, 2017, whether he wishes to continue as a plaintiff in this group action. If, by that deadline, Plaintiff Morris advises the Court that he does *not* wish to participate in the action, he will be dismissed from the lawsuit and will *not* be charged a filing fee for this action.[5] **This is the *only* way to avoid the obligation to pay a filing fee for this action.**

**IT IS ALSO ORDERED** that if Plaintiff Morris wants to pursue his claims individually in a separate lawsuit, he shall so advise the Court in writing, and his claims shall be severed into a new action where a filing fee *will* be assessed.

**If Plaintiff Morris simply does not respond to this Order on or before**

---

[5] As the lead Plaintiff, Plaintiff Peters may choose to voluntarily dismiss or sever his claims, but may not escape his obligation to pay the filing fee for this action, which was incurred when the action was filed. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998).

**September 25, 2017, he *will* be obligated to pay the filing fee and will also be dismissed from this action for want of prosecution and/or for failure to comply with a court order under Federal Rule of Civil Procedure 41(b).**

In addition, plaintiffs are **WARNED** that future group motions or pleadings that do not comply with the group pleading requirements discussed herein shall be stricken pursuant to Rule 11(a).

**IT IS FURTHER ORDERED** that **JOHN DOES** are **DISMISSED** without prejudice from this action, as Plaintiffs Peters and Morris are the only individuals to have signed the Complaint in compliance with Rule 11, and neither Peters nor Morris may represent a class of plaintiffs, named or unknown. *See Oxendine*, 509 F.2d at 1407. Further, to the extent "John Does" is intended to be a placeholder for putative class members, such a placeholder is unnecessary, as "'until certification there is no class action but merely the prospect of one; the only action is the suit by the named plaintiff[s].'" *Hall v. Brown*, No. 10-724-GPM, 2011 WL 1403036, at *1 n.1 (S.D. Ill. April 13, 2011) (citing *Morlan v. Universal Guar. Life Ins. Co.*, 298 F.3d 609, 616 (7th Cir. 2002)).

The **CLERK** is **DIRECTED** to send a copy of this Order to both of the named plaintiffs.

Plaintiffs are **ADVISED** that the Complaint is currently awaiting preliminary review by the Court pursuant to 28 U.S.C. § 1915A, and it has not yet been served on the defendants. Further action by Plaintiff Barry Morris is required before the Court can complete its preliminary review of this matter

under 28 U.S.C. § 1915A. When this review is completed, a copy of the Court's order will be forwarded to any plaintiff who remains in the action.

Plaintiffs are further **ADVISED** that both of them are under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in their addresses; the Court will not independently investigate a plaintiff's whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: August 24, 2017**

Digitally signed by Judge David R. Herndon
Date: 2017.08.24 12:50:03 -05'00'

**United States District Judge**