IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARRY MORRIS,

       Plaintiff,

Case No. 17–cv–1033–DRH

vs.

JOHN BALDWIN,
ILLINOIS DEPARTMENT OF
CORRECTIONS,
CHRIS BRADLEY,
JACQUELINE LASHBROOK,
FRANK LAWRENCE,
HOLLY HAWKINS,
GAIL WALLS,
CINDY MEYER,
ROBIN ROWOLD,
JOSH MILUER, and
WEXFORD HEALTH SOURCES

       Defendants.

## ORDER

Plaintiff seeks issuance of a temporary restraining order (TRO), which is an order issued without notice to the party to be enjoined that may last no more than fourteen days. (Doc. 13). A TRO may issue without notice:

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any

efforts made to give notice and the reasons why it should not be required.

FED. R. CIV. P. 65(b). Without expressing any opinion on the merits of any of Plaintiff's other claims for relief, the Court concludes that a TRO should not issue in this matter. Plaintiff seeks an order transferring him to another prison due to the policy at Menard prohibiting him from using an assistive walking device. Plaintiff has alleged that he has currently been given a wheelchair in lieu of a cane or crutches. The use of a wheelchair in lieu of Plaintiff's preferred assistive walking devise does not show the kind of immediate and irreparable injury needed to justify a TRO. Plaintiff has also not provided any reason why notice should not be required. Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

Moreover, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff. *See Sandin v. Conner*, 515 U.S. 472, 482 (1995); *Rizzo v. Goode*, 423 U.S. 362, 379 (1976) (noting that where a plaintiff requests an award of remedial relief that would require a federal court to interfere with the administration of a state prison, "appropriate consideration must be given to principles of federalism in determining the availability and scope of [such] relief.").

**IT IS THEREFORE ORDERED** that the request for issuance of a temporary restraining order is **DENIED**. (Doc. 13). Plaintiff's request for a preliminary injunction remains pending and will be addressed in due course.

**IT IS SO ORDERED.**

*[Signature: David R. Herndon]*

Judge Herndon
2017.12.12
12:49:40 -06'00'

United States District Judge