IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARRY MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-1033-DRH-RJD |
| | ) | |
| JOHN BALDWIN, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 50). Defendants did not file an objection. For the reasons set forth below, the Motion is **GRANTED**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). Plaintiff alleges Menard Correctional Center ("Menard") is not ADA compliant and that his constitutional rights were violated while he was incarcerated at the facility. Following threshold review, Plaintiff is currently proceeding on the following claims:

> **Count 1** – IDOC and Baldwin failed to provide reasonable accommodation for Plaintiff's disability in violation of the ADA and RA;

> **Count 2 –** Baldwin, Lashbrook, Hawkins, Walls, and Wexford were deliberately indifferent to Plaintiff's request for accommodation and treatment of his disabilities in violation of the Eighth Amendment.

Plaintiff seeks leave to amend his complaint to clarify details of the case and to clarify how defendants violated his constitutional rights. Plaintiff's Second Amended Complaint does not add new claims.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The Amended Complaint clarifies how Defendants allegedly violated Plaintiff's constitutional rights; it does not alter the claims or parties to the case. Plaintiff's request to amend the complaint is timely and does not cause undue delay. The case is not yet set for trial. Defendants do not object to the motion to amend and will not be unfairly surprised or prejudiced.

For the foregoing reasons, Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 50) is **GRANTED**. The Clerk of Court is **DIRECTED** to file Plaintiff's proposed complaint as the First Amended Complaint.

**IT IS SO ORDERED.**

**DATED: March 29, 2018**

s/ *Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**