IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BARRY MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1033-DRH-RJD |
| | ) | |
| JOHN BALDWIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

**DALY, Magistrate Judge:**

The matter has been referred to United States Magistrate Judge Reona J. Daly by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Motion for Certification of the Class (Doc. 12) filed by Plaintiff.  It is **RECOMMENDED** that the District Court **ADOPT** the following findings of fact and conclusions of law, and Plaintiff's Motion be **DENIED**.

**FINDINGS OF FACT**

Plaintiff Barry Morris, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983 alleging his constitutional rights were violated while he was incarcerated at Menard Correctional Center ("Menard").  He is currently proceeding on the following claims:

**Count 1** –   IDOC failed to provide reasonable accommodation for Plaintiff's disability in violation of the ADA and RA;

**Count 2** –   Baldwin, Lashbrook, Hawkins, Walls, and Wexford were deliberately indifferent to Plaintiff's request for accommodation and treatment of his disabilities in violation of the Eighth Amendment.

Plaintiff states in his Complaint that he suffers from a herniated disc and severe spinal stenosis, nerve damage in his right hand/arm, which is also partially paralyzed, benign prostatic hyperplasia (an enlarged prostate), and high blood pressure.   He alleges that he is deprived of reasonable accommodations for his disabilities and access to prison activities and opportunities. Plaintiff seeks class certification for all "ADA inmates at Menard."

### CONCLUSIONS OF LAW

Before a Court can certify a class action, the party seeking certification must show:   1) joinder of all members of the class is impracticable due the number of potential claimants; 2) common questions of law and fact; 3) that the representative parties have typical claims and defenses as to the proposed class as a whole; and 4) the representative parties will fairly and adequately protect the interests of the class.   Fed. R. Civ. P. 23(a).   Plaintiff alleges here that he has met these criteria.   However, Plaintiff does little more than re-state the elements of the law.

Any proposed class must be sufficiently defined so that it is identifiable to the Court. *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).   The Court has broad discretion to determine whether a proposed class satisfies the requirements.   *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).   Here, Plaintiff alleges that he and "other ADA inmates with similar disabilities" are being denied access to numerous services and activities, but he does not describe the class with any detail other than that the proposed class is "all ADA inmates at Menard as a whole from 2016 forward."   Nor does Plaintiff provide the Court with any facts that would allow it to determine the class size or composition on its own.   Thus, the Court finds that Plaintiff's proposed class has not been well defined so as to determine that the numerosity requirement has been met.

Plaintiff also alleges that the claims have common questions of law and fact as every "ADA inmate" is being denied access to certain opportunities. However, the ADA requires "reasonable accommodations" based upon an individual's disabilities. The required accommodations are different for different types of disabilities. Each accommodation request requires a separate consideration and raises different issues of fact. Based on the record before the Court, it cannot determine that class certification would be appropriate at this time.

Additionally, because the class members will be bound by any judgment, they are entitled to competent representation by licensed counsel. *Redmond v. Laurent*, No. 13-cv-467, 2013 WL 3761106 at *2 (W.D. Wis. July 16, 2013). Courts who have considered the issue have uniformly found that a *pro se* inmate cannot provide competent representation. *Howard v. Pollard*, 814 F.3d 476, 478 (7th Cir. 2015) ("it is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative"). *See also Lee v. Gardinez*, No. 11-570-GPM, 2012 WL 143612 at *1 n.1 (S.D. Ill. January 18, 2012); *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (finding plain error where a *pro se* inmate proposed to represent other inmates in a class action). Non-lawyers may not represent others before the Court. *See* SDLR 83.1(e); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) ("[I]t is clear that an individual may appear in the federal courts only *pro se* or through counsel."). Therefore, it would be inappropriate to certify the class while Plaintiff proceeds *pro-se*.

Plaintiff attempts to get around this issue by filing motions for appointment of counsel (Docs. 8 and 51). But Plaintiff has no right to counsel in a civil case like this one. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Further, any counsel whom the Court appointed for Plaintiff

would not be guaranteed to have class action experience or have the knowledge to adequately represent a class on the claims Plaintiff alleges.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff's Motion for Certification of the Class (Doc. 12) be **DENIED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *See, e.g., Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004).

**DATED: May 31, 2018**

*s/ Reona J. Daly*

**Hon. Reona J. Daly**
**United States Magistrate Judge**