# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARRY MORRIS,

Plaintiff,

v.

JOHN BALDWIN, et al.,

Defendants.                                             No. 17-1033-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is a May 23, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly (Doc. 74). Magistrate Judge Daly recommends that the Court deny Morris's motion for preliminary injunction (Doc. 13). The parties were allowed time to file objections to the Report. On June 6, 2018, Morris filed an objection to the Report (Doc. 79). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

Plaintiff Barry Morris brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, the American with Disabilities Act ("ADA) and the Rehabilitation Act ("RA"). According to the amended complaint, Morris alleges that he is being denied reasonable accommodation under

the ADA and the RA. Morris suffers from a herniated disc and spinal stenosis, nerve damage in his right hand/arm, which is also partially paralyzed, benign prostatic hyperplasia and high blood pressure. At the same time Morris filed his amended complaint, he filed a motion for preliminary injunction (Doc. 13). In his motion for preliminary injunction, Morris asks to be transferred from Menard Correctional Center and for the use of crutches.

On December 12, 2017, the Court screened Morris's amended complaint and found the following claims to survive:

Count 1: IDOC, Baldwin, Bradley, Lashbrook, Lawrance, Miluer, Meyer, Rowold, Hawkins, and Walls failed to provide reasonable accommodation for Morris's disability in violation of the ADA and RA[1];

Count 2: IDOC, Baldwin, Bradley, Lashbrook, Lawrance, Miluer, Hawkins, Walls and Wexford were deliberately indifferent to Morris's request for accommodation and treatment of his disabilities in violation of the Eighth Amendment.

(Doc. 15).

On May 17, 2018, Magistrate Daly held an evidentiary hearing on the motion for preliminary injunction in which each side had witnesses testify and took the matter under advisement (Doc. 72). On May 23, 2017, Magistrate Judge Daly

---

1 The Court noted that under this claim the only proper defendant is the IDOC and dismissed with prejudice the individual defendants named in Count 1 (Doc. 15, p. 10).

issued the Report (Doc. 74) and on June 6, 2018, Morris filed his objection (Doc. 79). The Court turns now to address the Report and the objection.

## Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id*. In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id*. Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

"The purpose of preliminary injunctive relief is to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Platinum Home Mortg.*

*Corp. v. Platinum Fin. Group, Inc.*, 149 F.3d 722, 726 (7th Cir. 1998). For a preliminary injunction under Rule 65, Morris must demonstrate that: (1) his underlying case has some likelihood of success on the merits; (2) no adequate remedy at law exists, and; (3) Morris will suffer irreparable harm without the injunction. *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007). If those three factors are shown, the district court must then balance the harm to each party and to the public interest from granting or denying the injunction. *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). The United States Supreme Court has emphasized that a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Christian Legal Soc'y v. Walker*, 453 F.3d 853, 870 (7th Cir. 2006) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original)).

The Report found:

> Here, Plaintiff has been provided with crutches so the only requested injunctive relief he has not been provided is transfer from Menard. Plaintiff has failed to show that he will suffer irreparable harm absent this injunctive relief. There is no evidence that he is in immediate danger of harm. He has access to a wheelchair and crutches and every ADA accommodation recommended by medical professionals is being provided. Further, Plaintiff has failed to show that he is likely to prevail on the merits of his claim that Defendants failed to provide reasonable accommodation or that they are deliberately indifferent to his request for accommodation and treatment of disabilities. Records indicate that he has permits for at least seven accommodations. Further, Plaintiff provided no evidence of how his conditions or medical care would differ upon transfer. Any harm alleged by Plaintiff does not outweigh the undue hardship that

interference with inmate placement would place on IDOC. (Doc. 74, p. 4).

After *de* novo review of the Report and Morris's in total 23 page objection, the Court finds that Magistrate Judge Daly was correct in her application of why a preliminary injunction is not warranted in this case. The Court finds that Morris's lengthy objection merely takes umbrage with the findings and conclusions in the Report and mainly focuses on his need/want to be transferred out of Menard. The record before the Court provides no reason for the Court to doubt Judge Daly's determination.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 74) and **DENIES** Morris's motion for preliminary injunction (Doc. 13).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.13
16:03:15 -05'00'

**United States District Judge**