IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

BARRY MORRIS,

Plaintiff,

v.

JOHN BALDWIN, et al.,

Defendants.                                              No. 17-1033-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction and Background

Pending before the Court is a May 31, 2018 Report and Recommendation ("the Report") issued by Magistrate Judge Reona J. Daly (Doc. 78). Magistrate Judge Daly recommends that the Court deny Morris's motion for class certification (Doc. 12). The parties were allowed time to file objections to the Report. On June 13, 2018, Morris filed an objection to the Report (Doc. 83). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report in its entirety.

Plaintiff Barry Morris brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, the American with Disabilities Act ("ADA) and the Rehabilitation Act ("RA"). According to the amended complaint, Morris alleges that he is being denied reasonable accommodation under the ADA and the RA. Morris suffers from a herniated disc and spinal stenosis,

nerve damage in his right hand/arm, which is also partially paralyzed, benign prostatic hyperplasia and high blood pressure. At the same time Morris filed his amended complaint, he filed a motion for class certification (Doc. 12). Specifically, Morris argues that he and "other ADA inmates with similar disabilities" are being denied access to numerous services and activities and thus a class action is proper.

On December 12, 2017, the Court screened Morris's amended complaint and found the following claims to survive:

Count 1: IDOC, Baldwin, Bradley, Lashbrook, Lawrance, Miluer, Meyer, Rowold, Hawkins, and Walls failed to provide reasonable accommodation for Morris's disability in violation of the ADA and RA[1];

Count 2: IDOC, Baldwin, Bradley, Lashbrook, Lawrance, Miluer, Hawkins, Walls and Wexford were deliberately indifferent to Morris's request for accommodation and treatment of his disabilities in violation of the Eighth Amendment.

(Doc. 15).

On May 23, 2017, Magistrate Judge Daly issued the Report (Doc. 78) and on June 13, Morris filed his objection (Doc. 83). The Court turns now to address the Report and the objection.

---

1 The Court noted that under this claim the only proper defendant is the IDOC and dismissed with prejudice the individual defendants named in Count 1 (Doc. 15, p. 10).

## Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

When determining whether to certify a class, a district court first must find that the requirements of Federal Rule of Civil Procedure 23(a) are met:

(1) the class is so numerous that joinder of all members is impracticable (numerosity);
(2) there are questions of law or fact common to the class (commonality);

> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class (typicality); and
>
> (4) the representative parties will fairly and adequately protect the interests of the class (adequacy of representation).

Fed. R. Civ. P. 23(a) (parentheticals added).

After *de* novo review of the Report and Morris's in total 27 page objection, the Court finds that Magistrate Judge Daly was correct in her application of why class certification is not proper. For instance, Magistrate Judge Daly found that Morris did "little more that re-state the elements of law" for class certification and found that "he does not describe the class with any detail other than the proposed class is 'all ADA inmates at Menard as a whole from 2016 forward." (Doc. 78, p. 2). Further, Magistrate Judge Daly concluded: "Plaintiff also alleges that the claims have common questions of law and fact as every 'ADA inmate' is being denied accecc to certain opportunities. However, the ADA requires 'reasonable accommodations' based upon an individual's disabilities. The required accommodations are different for different types of disabilities. Each accommodation request requires a separate consideration and raises different issues of fact. Based on the record before the Court, it cannot determine that class certification would be appropriate at this time." (Doc. 78, p. 3).

The Court finds that Morris's lengthy objection merely takes umbrage with the findings and conclusions in the Report. He reiterates why this case is proper for class certification and sets forth examples of other prisoners with disabilities. However, his arguments do not demonstrate that class certification is proper as he

has not met the requirements for class certification. The record before the Court provides no reason for the Court to disagree with Judge Daly's findings and conclusions.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 78) and **DENIES** Morris's motion for class certification (Doc. 12).

**IT IS SO ORDERED.**

Judge Herndon
2018.06.14
11:19:40 -05'00'

**United States District Judge**