IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARRY MORRIS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-1033-SMY-RJD |
| JOHN BALDWIN, et. al, | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 159). Defendants Baldwin, Hawkins, Walls, and Lashbrook filed a timely objection. For the reasons set forth below, the Motion is **GRANTED IN PART**.

Plaintiff, an inmate in the custody of the Illinois Department of Corrections, filed this lawsuit pursuant to 42 U.S.C. §1983, the Americans with Disabilities Act ("ADA"), and the Rehabilitation Act ("RA"). Plaintiff alleges Menard Correctional Center ("Menard") is not ADA compliant and that his constitutional rights were violated while he was incarcerated at the facility.

Plaintiff's Complaint has been through numerous iterations, in part, due to change of counsel. Plaintiff's counsel was advised to file an amended complaint to correct deficiencies in the previous complaint. Plaintiff seeks leave to amend the complaint to add one Defendant, John Trost, and to dismiss two previously named Defendants, Angela Crain and Martha Oakley.

Plaintiff's proposed Fourth Amended Complaint sets forth the following claims:

**Count 1**: Defendant IDOC violated the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA) for failure to provide reasonable accommodation;

**Count 2:** Defendants Baldwin, Lashbrook, Hawkins, Walls, Trost, Siddiqui, and Wexford were deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit recognizes that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.") (quotation omitted). A court may also deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004).

The proposed Fourth Amended Complaint clarifies Plaintiff's claims and adds one Defendant. Additionally, the proposed complaint seeks to bring Count II against the individual Defendants in both their official and individual capacities. Defendants object to being named in their official capacity arguing such claims are barred by the Eleventh Amendment. Defendants assert IDOC would be responsible for compliance with the ADA or RA if such relief were to be ordered and Plaintiff does not seek other equitable relief that would meet the *Ex parte Young* exception, therefore, Plaintiff should be barred from naming individual Defendants in their official capacities.

Sovereign immunity bars a damages action in federal court against a State official sued in

his official capacity. Plaintiff's Count II may be filed against Defendants in their individual capacities only. The amended complaint does not cause undue delay and Defendants will not be unfairly surprised or prejudiced.

For the foregoing reasons, Plaintiff's Motion for Leave to File Fourth Amended Complaint (Doc. 159) is **GRANTED IN PART**. Plaintiff is **DIRECTED** to file the proposed amended complaint as set forth above as the Fourth Amended Complaint within 7 days.

The Clerk of Court shall prepare for Defendant John Trost: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Fourth Amended Complaint, and a copy of this Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

**DATED:  May 13, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**